IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TEVIN JERROD BREVARD,

    Plaintiff,

v.                                                        Civil Action No. **3:19CV26**

**NICOLE DESOUZA**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Tevin Jerrod Brevard, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on April 26, 2019, the Court directed Plaintiff to file a Particularized Complaint. (ECF No. 18.) Plaintiff filed a Particularized Complaint. (ECF No. 22.) The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, the action will be dismissed without prejudice for failure to state a claim.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d

761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. BREVARD'S ALLEGATIONS AND CLAIM

Brevard alleges that Defendants Nicole DeSouza, a nurse at the Hampton Roads Regional Jail, David Hackworth, the Superintendent of the Jail, and M.A. Moore, Sheriff of Portsmouth, Virginia, subjected him to cruel and unusual punishment under the Fourteenth Amendment.[1] (Part. Compl. 1.) Brevard's Particularized Complaint is rambling and repetitive and states as follows:[2]

> The Plaintiff, Mr. Tevin Brevard, while being detained at Hampton Roads Regional Jail in the City of Portsmouth, Va., avers he was a target, being a mental health inmate[.] . . . While being escorted by two officers going back to his cell from the shower, Nurse DeSouza, assaulted him, busting him repeatedly in the mouth with a cup with meds in it to the point the officers had to holler at her to stop, she ran off.
> Then she ran off? After this, Master Jail Officer Kasper and Head Nurse Easter came and checked on the mental health challenged inmate, and Sgt. Eperson, came and checked on Mr. Brevard, and reported it to Internal Affairs, for an in-house investigation, [which] found abusive behavior by the nurse and the magistrate called the Plaintiff and found probable cause to swear out a warrant for assault and battery on this employee, the Nurse DeSouza.

---

[1] From Brevard's submissions, it is unclear whether he was a convicted felon at the time of the incident or a pre-trial detainee. Because he was ultimately transferred into the custody of the Virginia Department of Corrections, the Court assumes that Brevard was a pre-trial detainee at the time, and the Fourteenth Amendment, not the Eighth Amendment controls. *See Goodman v. Barber*, 539 F. App'x 87, 89 (4th Cir. 2013).

[2] The Court corrects the capitalization, spelling, spacing, and punctuation, and removes the emphasis in the quotations to the Particularized Complaint.

> Claim (A): The Plaintiff, Mr. Tevin Brevard pro se with assistance, avers that his Eighth Amendment constitutional rights were violated, constituting cruel and unusual punishment by Hampton Roads Regional Jail nurse, Nicole DeSouza, employee.
>
> . . . .
>
> Mr. Tevin Brevard . . . was sent to Eastern State Hospital to be reviewed by mental health doctors there, but when he return[ed], the Jail ship[ped] him out, transferring him so that [when] the Court date came, the Commonwealth's Attorney's office dismissed the charges of assault and battery against Nurse DeSouza, stating that they did not know what happened to the victim.
>
> The victim argues that him being moved was a cover up, quid pro quo, by the Commonwealth's Attorney's office and the Hampton Roads Regional Jail, in order to hide this from the public media and this is an obstruction of justice by collusion by the two government agencies, a crime.
>
> There is no subordination, there should be rule of law, been a request for a continuance until a writ ad prosequendum could have been issued for Mr. Brevard to appear, or the issuing of a subpoena for the victim. To dismiss a case the first time is not the normal procedure.
>
> The Plaintiff argues that under the doctrine of respondeat superior the above named Defendants are liable . . . .

(Part. Compl. 2–4 (footnotes omitted).)

### III. ANALYSIS

#### A. No Personal Liability

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926,

928 (4th Cir. 1977) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

Brevard fails to mention Defendants Sheriff M.A. Moore and Superintendent David Hackworth in the body of the Particularized Complaint, and thus, he fails to allege facts indicating that they were personally involved in the deprivation of his Eighth Amendment rights. To the extent that he believes that they should be held liable under a theory of *respondeat superior* simply based on their positions, he also fails to state a claim for relief.[3] *Iqbal*, 556 U.S. at 676. Brevard's Particularized Complaint is devoid of any facts that would plausibly suggest that Defendants Moore or Hackworth were personally involved in the incident with Nurse DeSouza.

Accordingly, any claims against Defendants Moore and Hackworth will be DISMISSED.

---

[3] To the extent that Brevard contends that Defendants Moore or Hackworth are somehow liable on a theory of supervisory liability, that claim would fail. To show that a supervising officer failed to fulfill his duties to protect an inmate by ensuring his subordinates act within the law, the inmate must show that:
> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted) (citations omitted). Brevard fails to demonstrate any one of these three factors. Moreover, to the extent that Brevard alleges that his transfer to the Virginia Department of Corrections caused him to miss his state court date, Brevard again fails to allege facts that would plausibly suggest that Defendants Moore, Hackworth, or DeSouza were personally involved with his transfer.

## B. Fourteenth Amendment Violation

Brevard contends that Nurse DeSouza used excessive force against him when she repeatedly hit his mouth with a cup when administering medicine. Under the Fourteenth Amendment standard, a plaintiff must show that the defendant "inflicted unnecessary and wanton pain and suffering upon the detainee." *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir. 2006) (citations omitted) (internal quotation marks omitted), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). "Due process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citation omitted). A detainee may prevail by "providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473–74 (2015) (citations omitted).[4] Factors a court may consider to determine whether force was objectively unreasonable may include

> the relationship between the need for the use of force and the amount of force used; the extent of [the detainee's] injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the [detainee] was actively resisting.

*Id.* at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Because "officers facing disturbances 'are often forced to make split-second judgments' . . . . a court must judge the reasonableness of the force used from the perspective and with the knowledge of the defendant officer." *Id.* at 2474 (citing *Graham*, 490 U.S. at 397). The Court must recognize that "agents of

---

[4] In *Kingsley*, the Supreme Court determined that the appropriate standard for the Fourteenth Amendment is "only that the officers' use of that force was *objectively* unreasonable," not that "the officers were *subjectively* aware that their use of force was unreasonable . . . ." 135 S. Ct. at 2470.

the state are permitted to exercise a certain degree of force in order to protect the interests of society." *Sawyer v. Asbury*, 537 F. App'x 283, 294 (4th Cir. 2013) (quoting *Justice v. Dennis*, 834 F.2d 380, 382 (4th Cir. 1987), *vacated on other grounds by* 490 U.S. 1087 (1989)). Thus, not every "push or shove, even if it may later seem unnecessary" is serious enough to rise to the level of a constitutional violation. *Orem v. Rephann*, 523 F.3d 442, 447 (4th Cir. 2008) (quoting *Graham*, 490 U.S. at 396), *abrogated on other grounds by Wilkins*, 559 U.S. 34. In addition, the determination of whether an officer used excessive force must be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 135 S. Ct. at 2473.

It is unclear from Brevard's scant allegations why Nurse DeSouza repeatedly hit Brevard in the mouth with the cup while administering medicine. Brevard's Particularized Complaint fails to detail his interaction with Nurse DeSouza immediately prior to her hitting his mouth with the cup, leaving the Court with an incomplete picture of the incident. For example, it is unclear whether he refused his medicine or refused an order or how the two came to interact with one another. Brevard also fails to allege any injury, much less a significant or serious injury, but this factor standing alone is not dispositive. *Wilkins*, 130 S. Ct. at 1178. Because of these missing details, the Court finds it difficult to ascertain whether the use of force was excessive. Assuming solely for the sake of the current screening duties of the Court that Nurse DeSouza was unprovoked and intentionally hit Brevard in the mouth with a cup, and her conduct was taken with the express intent to punish, *see Martin*, 849 F.2d at 870, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see Orem*, 523 F.3d at 447; *Carson v. Mulvihill*, 488 F. App'x 554, 562 (3d Cir. 2012) (explaining that officer's actions in forcing inmate into cell by "launch[ing]" wheelchair through

cell door and into steel bed "causing [inmate] to fall sharply onto his bed inside the door," was "at most, a malevolent shove" and not excessive force). Nevertheless, Brevard alleges that Nurse Desouza hit him repeatedly with the cup on his mouth until other officers forced her stop. On the current allegations, Brevard has sufficiently stated a claim of excessive force by Nurse DeSouza to survive screening under 28 U.S.C. § 1915.

## III. CONCLUSION

For the foregoing reasons, Brevard's claims against Defendants Hackworth and Moore will be DISMISSED. The Court will continue to process the remaining excessive force claim against Defendant DeSouza.

An appropriate Order will accompany this Memorandum Opinion.

Date: 27 September 2013

Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge